■ ADOLPH HAUSMAN, Respondent, v ANNA HAUSMAN, Also Known as ANN HAUSMAN, Appellant.—In an action for partition, defendant appeals from (1) a resettled interlocutory judgment of the Supreme Court, Kings County, dated January 3, 1979, which, *inter alia,* ordered the premises sold at public auction by the Referee, and (2) an order of the same court, dated August 3, 1979, which (a) denied her motion to compel the Referee to convey title to her upon payment of a certain sum and to permit her access to the premises, and (b) directed all parties to proceed according to the contract of sale. Resettled interlocutory judgment affirmed, without costs or disbursements. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. Closing on the contract of sale shall be stayed pending further order of Special Term. In what is a closing chapter in a long and bitter divorce, the parties' former marital home (in which Mr. Hausman still resides) was sold at a partition sale to Mrs. Hausman. Pursuant to the terms of sale she tendered $2,000 as a 5% deposit on the purchase. Neither the resettled interlocutory judgment nor the contract of sale made clear whether Mrs. Hausman, as a tenant in common purchaser, was required to tender the full purchase price at the closing or only the balance of the purchase price less her portion of the proceeds. She then sought an order requiring the Referee to convey title upon tender of 50% of the purchase price less her down payment. Her motion was not referred to Mr. Justice Pino (who had entered the resettled interlocutory judgment) and was denied by another Justice. On appeal Mrs. Hausman contends, *inter alia,* that she need only tender the balance of the purchase price less her share of the proceeds, and because there is a dispute as to the proportion of the proceeds to which each party is entitled, an accounting is necessary before the closing to determine the balance she must tender. A tenant in common, who is the purchaser at a partition sale, may, in the court's discretion, be permitted to tender only that portion of the proceeds that her cotenant is entitled to at the closing (see *Nelson v Nelson,* 108 Misc 705). Such an exercise of discretion can only be made after an accounting when there is a dispute as to each party's portion of the proceeds (see Real Property Actions and Proceedings Law, § 945). Mrs. Hausman's motion requesting an order permitting her to tender only 50% of the purchase price should have been referred to Mr. Justice Pino as it intimately concerned the prior resettled interlocutory judgment for sale of the premises (see CPLR 2221). As Mr. Justice Pino is familiar with the sale, he should determine the amount Mrs. Hausman is required to tender at the closing (cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:1). The dispute concerning each party's proportion of the proceeds should be referred by Mr. Justice Pino to the Referee for an accounting, before the Judge rules on Mrs. Hausman's request to reduce the balance due at the closing (see Real Property Actions and Proceedings Law, § 945). Mrs. Hausman's request that this court permit her reasonable access to the premises must also be remitted to Special Term. While, in general, a tenant in common or an equitable owner of property is entitled to reasonable access (see 5A Warren's Weed New York Real Property, § 4.01; *Italian Sav. Bank of City of N. Y. v Le Grange,* 169 App Div 120), the facts and circumstances of the marital dispute between the parties (which is not

before this court) militate against ordering such access without a factual hearing. The parties should note that the sale of the property includes all fixtures normally passing upon the sale of a residence. Questions as to certain items as fixtures should be determined at Special Term. Accordingly, an immediate accounting should proceed to determine each party's proportion of the proceeds of the sale. Closing on the contract for sale should be stayed until further order of Mr. Justice Pino. Titone, J. P., Mangano, Rabin and Cohalan, JJ., concur.